# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARVIN MARTINEZ,

       Petitioner,    :    Case No. 2:22-cv-2890

- vs -    District Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

TOM WATSON,

    :

       Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Marvin Martinez under 28 U.S.C. § 2254 to obtain relief from his conviction in the Union County Court of Common Pleas.  The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 15), the Return of Writ (ECF No. 16), and Petitioner's Reply (ECF No. 19).  The Magistrate Judge reference in the case was recently transferred to help balance the Magistrate Judge workload in this District (ECF No. 20).

**Litigation History**

On July 27, 2018, the Union County grand jury indicted Martinez on two counts of felonious assault, one count of attempted kidnapping, one count of abduction and one count of possessing criminal tools (Indictment, State Court Record, ECF No. 13, Ex. 1).  Four counts of the

Indictment carried a firearm specification. *Id.* An additional count of receiving stolen property was added in May, 2019. *Id.* at Ex. 13.

A trial jury found Martinez guilty of the lesser included offense of assault on Count One and of felonious assault with a firearm specification on Count Two (State Court Record, ECF No. 15, Ex. 8). He was then sentenced to nine years imprisonment and a period of post-release control. *Id.* at Ex. 12. Martinez separately pleaded guilty to the receiving stolen property charge and received a concurrent sentence of seventeen months.

Martinez appealed to the Ohio Third District Court of Appeals, raising four assignments of error (Appellant's Brief, State Court Record, ECF No. 15, Ex. 20). On his motion, his appeal was consolidated with that of his co-defendant, Stanley Mejia. On October 30, 2020, the Third District overruled those assignments of error and affirmed the conviction. *Id.* at Ex. 23. Martinez failed to timely appeal to the Ohio Supreme Court, but that court allowed a delayed appeal. However, the court dismissed the appeal for failure to file a memorandum in support of jurisdiction. *Id.* at Exs. 23, 24, 27.

Martinez filed his Petition on June 30, 2022[1], pleading the following Grounds for Relief:

> **GROUND ONE:** Petitioner was denied due process when the record demonstrates that his convictions are not supported by sufficient evidence.
>
> **Supporting Facts:** Victim admitted that he "rehearsed" his testimony with the prosecutor. The new testimony changed after being "coached" and thereafter identified the petitioner as his assailant. (see attached memorandum).
>
> **GROUND TWO:** Petitioner was denied due process when the trial court permitted the prosecutor to knowingly use false evidence.

---

[1] Although the Petition was not received and docketed in the Northern District of Ohio until July 14, 2022, it is counted as filed on the date of deposit in the prison mail system. *Houston v. Lack*, 487 U.S. 266 (1988).

2

> **Supporting Facts:** The trial court determined the case based upon erroneous information. There was no blood found on the gun recovered in this case. (see attached memorandum).
>
> **GROUND THREE:** Trial court's decision violated petitioner Fifth amendment constitutional right to be free of double jeopardy.
>
> **Supporting Facts:** Petitioner's acquittal on felonious assault and conviction on the lesser included offense of misdemeanor assault violates the double jeopardy clause. (see attached memorandum).

(Petition, Doc. No. 1 PageID 5-30).

Respondent contends that merits review of Petitioner's Grounds for Relief is barred by Petitioner's procedural default in presenting those claims to the Supreme Court of Ohio.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

3

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

4

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

The alleged procedural default in this case consists of failure to fairly present Petitioner's claims to the Supreme Court of Ohio. Petitioner offers excusing cause for his failure to file his notice of appeal within the thirty days required by Supreme Court Rules, but the Ohio Supreme Court accepted that excuse and allowed Petitioner a delayed appeal. Given that opportunity, Petitioner failed to file a memorandum in support of jurisdiction. There is no doubt this is a requirement of Ohio Supreme Court practice, regularly enforced on all appellants to that Court and enforced by the Court in this case. In his Traverse Petitioner offers no excusing cause and prejudice regarding this failure. It is no esoteric procedural rule unconnected to the merits of the appeal (e.g. a requirement to use a specific type face or point size). Rather it goes directly to the question of why the Ohio Supreme Court should exercise its largely discretionary jurisdiction in this particular case. Thus it is an adequate state procedural rule, conserving scarce judicial time for the most important cases presented to the Ohio Supreme Court. It is completely independent of federal law: an appellant must justify his or her appeal regardless of what law is relied upon.

A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). As

5

noted above, however, Petitioner offers no excusing cause in his Traverse.

Petitioner also claims the benefit of the actual innocence exception to procedural default. He asserts "In the case at bar, Petitioner demonstrates actual innocence and therefore, failure to consider the claims will result in a fundamental miscarriage of justice." (Traverse, ECF No. 19, PageID 1114).

The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins,* 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House,* 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

6

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Although Petitioner claims he has demonstrated his actual innocence, he gives no reference to where the proof is in the record.  Actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States,* 523 U.S. 614 (1998), *citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should

7

not be permitted to proceed *in forma pauperis*.

July 24, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge
