IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MARVIN MARTINEZ,

        Petitioner,  :  Case No. 2:22-cv-2890

 - vs -      District Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

TOM WATSON,

                                                             :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 21). District Judge Sargus has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 26).

The Petition in this case pleads three Grounds for Relief. In the Return of Writ, Respondent pleaded the affirmative defense of procedural default in that Petitioner had failed to present these claims to the Supreme Court of Ohio on direct appeal in his Memorandum in Support of Jurisdiction. The Report found this defense well taken and recommended the Petition be dismissed on that basis.

Petitioner admits that his Memorandum was due at the Supreme Court of Ohio on January 13, 2023, and did not arrive until January 14, 2023, whereupon it was returned unfiled (Objections, ECF No. 24, PageID 1135).

Petitioner first blames the lateness on "custodial interference," noting that he had delivered the Memorandum to prison officials on January 10, 2023. *Id.* He notes that ODRC has a policy of processing outgoing mail within twenty-four hours and implies the prison did not follow that policy. However, he provides no basis on which it was reasonable for him to assume that mail which was deposited in Lebanon, Ohio, would reach Columbus within forty-eight hours.

Judgment was entered in the Court of Appeals on October 13, 2020 (State Court Record, ECF No. 15, Ex. 22). That made his Notice of Appeal due November 27, 2020, forty-five days later. He did not file that Notice until December 2, 2021, more than a year later. *Id.* at Ex. 24[1]. He then needed permission from the Supreme Court for a delayed appeal; he blamed the delay on his appellate attorney and COVID-19. However, he admitted he had access to the prison law library July 6, 2021, five months before he filed the motion for delayed appeal. *Id.*

On December 14, 2021, the Supreme Court of Ohio granted a delayed appeal and set a deadline for filing of thirty days later. *Id.* at Ex. 26. When the memorandum in support of jurisdiction was not filed within that time, the Supreme Court dismissed the appeal. *Id.* at Ex. 27. Petitioner moved for reconsideration in which he claimed that (1) the Memorandum was timely because he had been given thirty days from December 14, 2021, to file and the Memorandum had arrived on January 14, 2021, thirty days later and (2) in any event, he should be given thirty days from the date the Entry was "served" on him, which he counted as the date of receipt, December 21, 2021 (State Court Record, ECF No. 15, PageID 248). The Supreme Court of Ohio denied reconsideration. *Id.* at Ex. 29.

Neither of these two reasons is well taken. The Supreme Court of Ohio set a deadline for filing of thirty days from the date of its Entry, not thirty days from service of its Entry. Hence

---

[1] These facts belie his claim that "Petitioner had diligently sought to file his appeal, the record makes manifest that Petitioner did exactly that." (Objections, ECF No. 24, PageID 1135).

Petitioner was not entitled to rely on that argument. In his Motion for Reconsideration, Martinez had argued that January 14, 2023, was thirty days after December 14, 2023. It is not. December has thirty-one days, so the thirtieth day after December 14, 2021, is January 13, 2022.

Petitioner relies on Ohio R. App. P. 14(C)(4) which provides for an additional three days after service by mail. This rule is of no assistance because it applies to the Ohio Courts of Appeal, not the Supreme Court, and it only applies to papers required to be served by a party. The same thing is true of Petitioner's reliance on Ohio R. App. P. 18(C).

Petitioner then asks this Court to apply the "federal mailbox rule" under which a prisoner's filing occurs when he delivers it to the prison officials. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ohio does not follow the mailbox rule and indeed has explicitly rejected it. Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive). The Sixth Circuit has held the mailbox rule is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).

Petitioner argues the Court could grant him equitable tolling, citing *Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003). While we can grant equitable tolling of the federal statute of limitations in habeas cases, that is not what is at issue here. We have no authority to equitably toll a deadline the Supreme Court of Ohio has declined to modify. And it is difficult to see how such tolling would be justified in any instance, because Petitioner's Notice of Appeal was itself more than a year overdue. *White v. Curtis,* 42 F. App'x 698 (6th Cir. 2002), also involved equitably tolling the federal statute of limitations, not negating a state Supreme Court's enforcement of its rules.

The Ohio Supreme Court Rules of Practice are strict in their language requiring timely filing and require the Clerk of that court to reject untimely documents. See S.Ct.R.Prac. 3.02(B). The Constitution of the United States does not require state supreme courts to leave themselves discretion to accept late filings. The Ohio Supreme Court has not done so, so there is no question of abuse of discretion presented in this case.

The Supreme Court of the United States has enforced a similar rule in *Daniels v. Allen,* 344 U.S. 443 (1953). There the Court refused to consider the merits of a habeas case because the statement of the case on appeal in the North Carolina Supreme Court had been served one day late. Even though this was a capital case and the co-defendant was granted a writ on the merits, and the state's attorney received the statement as quickly as he would have if it had been sent by mail, the Supreme Court found the North Carolina Supreme Court's refusal based on untimely service was an adequate and independent state ground.

**Conclusion**

Petitioner has failed to show excusing cause and prejudice relating to his procedural default in filing his Memorandum in Support of Jurisdiction late in the Ohio Supreme Court. The Magistrate Judge again respectfully recommends the procedural default defense be honored and this case dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 18, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
